D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

CURTIS KING,

Defendant.
------------------------------------------------------------------X

**ORDER**

12-CR-577 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 3, 2014, Defendant Curtis King pleaded guilty to knowingly and intentionally using and carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (See Min. Entry (Dkt. 27).) On September 30, 2014, the court sentenced Defendant to 60 months of imprisonment to run consecutively with any other term of imprisonment, 3 years of supervised release with special conditions, and a $100 special assessment (the "Judgment"). (J. (Dkt. 33).) The court recommended that the time Defendant had already served in state custody be deducted from his remaining time in custody. (Id.)

The court received two letters from Defendant, the first on May 26, 2016, and the second on October 24, 2016, stating that he has not received credit for the 27 months he spent at the Metropolitan Detention Center, Brooklyn ("MDC"), and arguing that this time should be deducted from the remaining time on his federal sentence. (See Def.'s Mots. to Amend J. (Dkts. 36, 38).) Defendant appears to ask the court to amend the Judgment to recommend that he receive credit for the time he spent at the MDC. (See id.) Accordingly, the court treats these letters as Motions to Amend/Correct the Judgment (the "Motions to Amend/Correct the Judgment").

1

A defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed," unless the time served has been "credited against another sentence." 18 U.S.C. § 3585(b). While a court is permitted to recommend that a defendant receive credit for time he has served in official detention, it is not authorized to award credit at sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). Rather, the Attorney General, through the Bureau of Prisons ("BOP"), computes the amount of credit after taking custody of the sentenced federal offender. Id. at 334-35. A court's recommendation that a defendant receive credit for time he spent in custody is not binding on the BOP. See United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

According to the Government, the BOP has determined that Defendant is not entitled to credit for his time at the MDC because "he pled guilty to a violation of 18 U.S.C. § 924(c), which states that 'no term of imprisonment imposed on the person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.'" (Dec. 2, 2016, Ltr. from Gov't (Dkt. 40) at 1-2 (quoting 18 U.S.C. § 924(c)(1)(D)(ii)).) "Because the defendant's time at the MDC was credited towards a New York State sentence, the BOP determined that also crediting the time to the defendant's federal sentence would be, in effect, running the two sentences concurrently in violation of Section 924(c)." (Id. at 2.)

In light of the fact that any recommendation from this court would not be binding on the BOP and in view of the at least facially compelling argument that Defendant is not entitled to credit, the court declines to amend the Judgment to recommend that Defendant receive credit for his time at the MDC. Accordingly, Defendant's Motions to Amend/Correct the Judgment are DENIED. Should Defendant wish to judicially challenge the BOP's calculation of his credit for

2

prior custody,[1] he should file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Jersey. See United States v. Vittini-Morey, No. 99-CR-893 (SAS), 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007) (holding that an inmate's challenge to the execution of his sentence is properly brought pursuant to a writ of habeas corpus "in the district in which the petitioner is incarcerated, not the district in which petitioner was sentenced"). (See Dec. 2, 2016, Ltr. from Gov't at 1 (reporting that Defendant is presently incarcerated in New Jersey).)

For the foregoing reasons, Defendant's Motions to Amend/Correct the Judgment (Dkts. 36, 38) are DENIED. The Clerk of the Court is respectfully directed to mail a copy of this Order to Defendant at his last known address: FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320.

SO ORDERED.

Dated: Brooklyn, New York
December 6, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The Government informs the court that the BOP considers Defendant "to have exhausted his administrative remedies." (See Dec. 2, 2016, Ltr. from Gov't at 1.) Accordingly, Defendant's challenge is ripe for judicial review. See Wilson, 503 U.S. at 335 (holding that prisoners may seek judicial review of the computation of their credits after exhausting their administrative remedies).